[NOT FOR PUBLICATION] 

 For the First Circuit
 

No. 97-9003

 

 IN RE: STEVEN J. TENOFSKY, DEBTOR
 

 SAMUEL PERLMAN AND HERBERT RUBIN,
 TRUSTEES OF H.D.S. REALTY TRUST,
 AND JOSEPH BRAUNSTEIN,
 TRUSTEE OF ESTATE OF STEVEN J. TENOFSKY,

 Plaintiffs, Appellees,

 v.

 STEVEN J. TENOFSKY,

 Defendant, Appellant.
 

No. 97-9004

 

 IN RE: STEVEN J. TENOFSKY, DEBTOR
 

 JOSEPH BRAUNSTEIN,

 Appellee,

 v.

 STEVEN J. TENOFSKY,

 Appellant.
 

 APPEALS FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL

 OF THE FIRST CIRCUIT
 

 Before

 Selya, Circuit Judge,
 Aldrich and Coffin, Senior Circuit Judges.
 

 Stephen F. Gordon for appellant.
 John  M.  Timperio with whom Mark  N.  Berman was on brief for
appellees.

 

 September 26, 1997
 

 Per  curiam. Appellant Steven J. Tenofsky claims that he

wrongly was denied a discharge in his Chapter 7 bankruptcy case

based on his failure to maintain recorded information from which

his financial condition could be ascertained. See 11 U.S.C. S

727(a)(3). The bankruptcy judge's conclusion that appellant's

records were inadequate and incomplete was affirmed by the First

Circuit Bankruptcy Appellate Panel. Having reviewed the record, we

find ourselves in full agreement with the reasoning expressed in

the panel's thorough opinion, and also affirm. We add only the

following brief comments.

 First, appellant's counsel emphasized at oral argument that

the bankruptcy judge could not possibly have reviewed the 3,000

pages of information contained in Mrs. Tenofsky's records during

the thirty-minute recess between the conclusion of trial and her

ruling, and that she therefore failed to consider carefully all of

the evidence before rendering a decision. The judge, however, had

ample time to review the nature of the material contained in Mrs.

Tenofsky's records, and to make a judgment that it did not fill the

gaps about which she was concerned. That the judge did not refer

to the records in her bench ruling speaks to their relevance, not

to her lack of consideration of them. 

 Second, we may set aside the bankruptcy court's application of

the law to the facts only if we detect clear error in its

assessment of the facts, use of an erroneous legal standard, or an

error or abuse of discretion in applying the law to the facts.  See

In  re  DN  Associates, 3 F.3d 512, 515 (1st Cir. 1993). The

 -3-

bankruptcy court here used the correct "case-by-case analysis,

taking into account the particular facts and circumstances of the

debtor's case," In re Ridley, 115 B. R. 731, 733 (Bankr. D. Mass.

1990). The judge's evaluation of the facts was informed by her

view of appellant's credibility, "a key element" that she was in

the best position to assess. See id. We find neither error nor

abuse.

 If appellant had a fighting chance to persuade the bankruptcy

judge, and, though "weak, indeed almost hopeless, [but not]

frivolous" before the appellate panel, Lallemand v. University of

Rhode Island, 9 F.3d 214, 217-18 (1st Cir. 1993), the case surely

has lost all merit at this stage. We therefore order appellant to

show cause, within ten days from the issuance of this opinion, why

we should not award double costs to appellee. See Fed. R. App. P.

38. 

 Affirmed. 

 -4-